IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYBER ARTEAGA PERERA,

      Petitioner,

v.                                    No. 1:26-cv-00754-DHU-JHR

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland Security;
PAMELA BONDI, in her official capacity as Attorney
General of the United States; TODD LYONS, in his
official capacity as Acting Director and Senior Official
Performing Duties of the Director of U.S. Immigration
and Customs Enforcement; JOEL D. GARCIA, his official
capacity as Field Office Director of the El Paso Field Office
of U.S. Immigration and Customs Enforcement, Enforcement
and Removal Operations; and DORA CASTRO, in her official
capacity as Warden of the Otero County Processing Center,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Rayber Arteaga Perera's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court GRANTS the Petition.

Petitioner is a citizen of Cuba who entered the United States on or about March 8, 2022. *Id.* ¶ 1. After being detained by immigration officials, Petitioner was placed in removal proceedings and issued a Notice to Appear, which charged him as a noncitizen present in the United States without being admitted or paroled. *Id.* Petitioner was later released on his own recognizance pending final determination of his case. *Id.*

In October 2022, Petitioner submitted an Application for Asylum and Protection under the Convention Against Torture ("CAT"), and on November 3, 2025, he submitted an Application to Adjust Status pursuant to the Cuban Adjustment Act. *Id.* ¶ 2. On December 8, 2025, Petitioner

presented his case for asylum and CAT protection. *Id.* ¶ 4. After both of his applications were denied, Petitioner appealed to the Board of Immigration Appeals. *Id.* ¶¶ 6, 7, 9. In addition to his work authorization being valid until January 2029, Petitioner had abided by all immigration-related requirements prior to his re-detention. *Id.* ¶ 10.

On March 12, 2026, Petitioner filed the instant Petition, where he, among other things, challenges his re-detention as violating the procedural component of the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 40-43. He requests a Writ of Habeas Corpus requiring Respondents to immediately release him from custody or, alternatively, provide a bond hearing pursuant to 8 U.S.C. § 1226(a), as well as attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 15.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to

2

notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in March 2022, was detained within the United States, and was subsequently released on his own recognizance for over three years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that Petitioner is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Wednesday, June 10, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4